Filed 3/3/23  P. v. Harless CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN ISAAC HARLESS,<br><br>       Defendant and Appellant. | A164187<br><br>(Del Norte County<br>Super. Ct. Nos. CRF1998572,<br>CRF980572) |

**MEMORANDUM OPINION**[1]

Appellant Benjamin Harless filed a Petition for Resentencing pursuant to former Penal Code section 1170.95, in which he adequately alleged by checking boxes on a form that he was entitled to resentencing relief under the statute, since renumbered as Penal Code section 1172.6 (section 1172.6). Appellant's petition also requested appointment of counsel to represent him during resentencing.  Without appointing counsel, the trial court denied the petition.  We reverse.

In November 1997, while still a minor, appellant participated in a felony murder in which somebody brutally beat an elderly man about the

---

[1]  We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

1

head with a baseball bat in his own home, causing the man's death. There is considerable evidence that appellant was the person who wielded the bat. For example, another minor who entered the victim's home with appellant to commit the robbery so testified, during a preliminary hearing for his aunt, who was accused of having set the crime in motion. But appellant contradicted this account, telling police the other minor was the one who wielded a bat. The discrepancy in these two accounts was never put before a jury.

After appellant was certified as fit to stand trial in adult court, he pleaded guilty to second-degree murder and robbery in exchange for an agreement to testify truthfully against an adult codefendant. The parties stipulated that evidence from appellant's fitness hearing provided a factual basis for the plea. This evidence included the transcript of the preliminary hearing for the adult codefendant. After the plea, a probation report was prepared containing what appellant's counsel described at sentencing as a "condensed version of the testimony of" the juvenile coparticipant from his aunt's preliminary hearing. Counsel stated, "this is not the version of the facts that has been recounted by [Appellant] to the District Attorney as part and parcel of his plea bargain . . . . In fact, [Appellant's] testimony is that he left his bat outside, . . . and actually [the juvenile coparticipant] was the individual who struck the blows" that killed the victim. The district attorney confirmed the accuracy of counsel's characterization of his client's statement. The trial court sentenced appellant to a prison term of 15 years to life, with a nine-year concurrent term for the robbery. In a direct appeal under *People v. Wende* (1979) 25 Cal.3d 436, another division of this court affirmed the judgment. (*People v. Harless* (Mar. 22, 1999, A083292) [nonpub. opn.]

(*Harless I*).)  The facts above are drawn from *Harless I* and from the record prepared for that appeal.

In August 2021, appellant filed his petition for resentencing, averring each of the elements of a section 1172.6 claim and requesting appointment of counsel.  In a written order dated October 21, 2021, the trial court denied both the petition and the request for counsel.  The trial court explained it had reviewed documents in the case—the evidence from the fitness hearing, the probation report, and the decision of this court in *Harless I*—and had "absolutely no doubt that the defendant personally used a baseball bat to bludgeon[] to death a 70-year-old man."  Appellant was therefore "not correct" in alleging "that he could not have been convicted of murder because of recent change to the felony murder rule."  This timely appeal followed.

Citing *People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*), appellant contends the court erred in denying his petition without first appointing counsel.  *Lewis* holds "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see [former Pen. Code,] § 1170.95, subds. (b), (c)), and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' "  (*Id*. at p. 957.)  The Attorney General does not contest the facial sufficiency of appellant's petition, nor that the trial court erred in denying appellant's petition without first appointing counsel.

Instead, the Attorney General contends any error was harmless because the record of conviction "readily refutes appellant's claim that he made a prima facie showing for relief."  But the Attorney General supports this assertion only with a recitation of facts from *Harless I*, an account drawn, in turn, from sources that include the coparticipant's testimony at his

3

aunt's preliminary examination. We conclude the factual recitation in the appellate opinion is an insufficient basis to refute appellant's claim that he had made out a prima facie case.

As our Supreme Court instructs in *Lewis*, "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court must take the petitioner's factual allegations as true, not rejecting them on credibility grounds without first conducting an evidentiary hearing, unless the record " ' "contain[s] facts refuting the allegations made in the petition." ' " (*Ibid*.) Such facts may be found in " ' the court's own documents,' " and the trial court may consider an appellate opinion where it contains useful information. (*Ibid*.) But "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on another ground in *Lewis*, at pp. 961–963.) Without an evidentiary hearing, the trial court's authority to make factual determinations "is limited to readily ascertainable facts from the record (such as the crime of conviction)." (*Drayton*, at p. 980.) The court may not decide contested facts without a hearing, even when it believes the record leaves "absolutely no doubt" that such facts are true.

Here, the trial court engaged in just such premature factfinding. The court concluded, based on the evidence in the record before it, that appellant was the assailant who beat the victim with a baseball bat, killing him. *If* the trial court reaches this conclusion after counsel for appellant is appointed, briefing occurs and, if warranted, an evidentiary hearing is held, then relief under section 1172.6 will be properly denied. But based on the record before us at this early stage in the proceedings, we conclude " ' "it is reasonably probable that if [appellant] had been afforded assistance of counsel his . . .

4

petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974.)  Appellant has, accordingly, established prejudice under the standard of *People v. Watson* (1956) 46 Cal.2d 818, which applies here.  (*Lewis*, *supra*, 11 Cal.5th at pp. 957–958, 974.)

## DISPOSITION

The trial court's order of October 21, 2021 is reversed, and the matter is remanded with directions to appoint counsel for appellant and, after briefing, consider anew his petition for resentencing.

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.

*People v. Harless* (A164187)